UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADRIAN ESTERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:20-cv-00253-AGF |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This action is before this Court for judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff Adrian Esters was not disabled, and thus not entitled to disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, or supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f.   For the reasons set forth below, the decision of the Commissioner will be affirmed.

## BACKGROUND

The Court adopts the statement of facts set forth in Plaintiff's Statement of Uncontroverted Facts, which is contained in Plaintiff's brief (ECF No. 16), as supplemented by Defendant (ECF No. 17-1).   Together, these statements provide a fair

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security.   Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she is substituted as the Defendant in this suit.

description of the record before the Court. Specific facts will be discussed as needed to address the parties' arguments.

Plaintiff, who was born on July 31, 1979, protectively filed her applications for benefits on April 25, 2017. She alleged disability beginning October 1, 2014, later amending the onset date to May 15, 2015,² due to depression, anxiety, bipolar disorder with psychotic seizures, cervical radiculopathy, and carpal tunnel syndrome. On August 24, 2017, Plaintiff's applications were denied at the administrative level, and she thereafter requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on December 20, 2018. Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified at the hearing. On January 18, 2019, almost one month after the hearing, Plaintiff began treatment with Richard Gelberman, M.D., at for carpal tunnel syndrome. Dr. Gelberman's January 18, 2019 treatment record indicates that Plaintiff had a history of numbness and tingling in her right hand and that these symptoms had increased significantly during the past months so that they had become "quite severe" by the time of treatment in January of 2019. Tr. 31. Dr. Gelberman diagnosed right carpal tunnel syndrome, severe, and recommended open

---

²     Plaintiff previously filed applications for disability benefits under Title II, the most recent of which was denied on April 28, 2016. Tr. 153. In the present case, the ALJ found that the record did not show a good reason to reopen that prior denial, that the scope of the present decision as therefore limited to the period post-dating April 28, 2016, and that any reference made to evidence predating April 29, 2016 was merely made for historical purposes. Tr. 17. Plaintiff has not challenged the ALJ's findings regarding the disability onset date in her brief before this Court.

2

carpal tunnel release, right hand.  Tr. 32.  Plaintiff underwent a right carpal tunnel release on a few days later, on January 21, 2019.  Tr. 33-34.  In a post-operative report dated January 30, 2019, Dr. Gelberman indicated that Plaintiff was "doing very well"; that although she complained of "some weakness of her hand, her "[p]reoperative symptoms ha[d] largely resolved"; and that on physical exam, her wound was well healed, sutures were removed, and "digital motion [was] full."  Tr. 35.

Plaintiff, through counsel, submitted Dr. Gelberman's treatment notes to the ALJ before the ALJ issued the hearing decision.  However, the ALJ refused to admit this evidence on the ground that it was not timely submitted.  Tr. 17.

By decision dated March 20, 2019, the ALJ found that Plaintiff had the following severe impairments: anxiety disorder, bipolar disorder, obesity, bilateral carpal tunnel syndrome, and cervical degenerative disc disease.  However, the ALJ found that none of Plaintiff's impairments or combinations of impairments met or medically equaled one of the deemed-disabling impairments listed in the Commissioner's regulations.

Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform less than the full range of "light" work, as defined by the Commissioner's regulations, in that:

> [S]he can frequently climb ladders, ropes, and scaffolds. The claimant can frequently handle and finger with her bilateral upper extremities. She should avoid exposure to extreme cold and vibration. She is able to complete simple, routine tasks with minimal changes in job duties and setting. She is able to occasionally interact with coworkers and supervisors, and can have brief and superficial contact with the general public.

3

Tr. 22.

The ALJ next found that Plaintiff could perform certain light and unskilled jobs listed in the Dictionary of Occupational Titles ("DOT") (cafeteria attendant, photocopy machine operator, and routing clerk), which the VE testified that a hypothetical person with Plaintiff's RFC and vocational factors (age, education, work experience) could perform and that were available in significant numbers in the national economy. Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act.

Plaintiff thereafter submitted to the Appeals Council of the Social Security Administration the evidence from Dr. Gelberman that the ALJ refused to consider and also filed a timely request for review by the Appeals Council. The Appeals Council reviewed the additional evidence from Dr. Gelberman but found that it did not show a reasonable probability that it would change the outcome of the hearing. Tr. 2. The Appeals Council denied review on January 13, 2020. Plaintiff has thus exhausted all administrative remedies, and the ALJ's decision stands as the final agency action now under review.

In her brief before this Court, Plaintiff argues that: (1) the ALJ failed to properly evaluate the RFC by failing to include limitations reflecting Plaintiff's moderate deficiencies in concentration, persistence, or pace; and (2) the ALJ erred by refusing to consider the evidence of Plaintiff's carpal tunnel treatment with Dr. Gelberman, which if considered by the Court now, would render the ALJ's decision contrary to the weight of the evidence. Plaintiff asks that the ALJ's decision be reversed and that the case be

4

remanded for further evaluation.

## DISCUSSION

### Standard of Review and Statutory Framework

In reviewing the denial of Social Security disability benefits, a court must review the entire administrative record to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. *Johnson v. Astrue*, 628 F.3d 991, 992 (8th Cir. 2011). The court "may not reverse merely because substantial evidence would support a contrary outcome. Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Id*. (citations omitted). A reviewing court "must consider evidence that both supports and detracts from the ALJ's decision. If, after review, [the court finds] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the decision of the Commissioner." *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016) (citations omitted). Put another way, a court should "disturb the ALJ's decision only if it falls outside the available zone of choice." *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015) (citation omitted). A decision does not fall outside that zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance. *Id.*

To be entitled to benefits, a claimant must demonstrate an inability to engage in substantial gainful activity which exists in the national economy, by reason of a medically determinable impairment which has lasted or can be expected to last for not

5

less than 12 months.   42 U.S.C. § 423(d)(1)(A).   The Commissioner has promulgated regulations, found at 20 C.F.R. § 404.1520, establishing a five-step sequential evaluation process to determine disability.   The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity.   If not, the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments.   A severe impairment is one which significantly limits a person's physical or mental ability to do basic work activities.   20 C.F.R. § 404.1520(c).   A special technique is used to determine the severity of mental disorders.   This technique calls for rating the claimant's degree of limitations in four areas of functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.   20 C.F.R. § 404.1520a(c)(3).

If the impairment or combination of impairments is severe and meets the duration requirement, the Commissioner determines at step three whether the claimant's impairment meets or is medically equal to one of the deemed-disabling impairments listed in the Commissioner's regulations.   If not, the Commissioner asks at step four whether the claimant has the RFC to perform his past relevant work.   If the claimant cannot perform his past relevant work, the burden of proof shifts at step five to the Commissioner to demonstrate that the claimant retains the RFC to perform work that is available in the national economy and that is consistent with the claimant's vocational factors – age, education, and work experience.   *See, e.g.*, *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010).   When a claimant cannot perform the full range of work in a

6

particular category of work (medium, light, and sedentary) listed in the regulations, the ALJ must produce testimony by a VE (or other similar evidence) to meet the step-five burden. *See Baker v. Barnhart*, 457 F.3d 882, 894 (8th Cir. 2006). At Step Five, even though the burden of production shifts to the Commissioner, the burden of persuasion to prove disability remains on the claimant. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

**RFC Evaluation**

Plaintiff argues that the ALJ's RFC finding did not sufficiently account for the moderate limitations in concentration, persisting, or maintaining pace that the ALJ found in her analysis at step three of the sequential evaluation process.[3] But the ALJ included significant restrictions in the RFC finding to account for this limitation. Specifically, the ALJ limited Plaintiff to completing only simple, routine tasks with minimal changes in job duties and setting, for the express reason of accounting for her moderate limitations in concentrating, persisting, and maintaining pace. Tr. 24. This RFC finding goes far beyond the limitation to "simple jobs" that the Eighth Circuit found insufficient in the case relied on by Plaintiff, *Newton v. Chater,* 92 F.3d 688, 695 (8th Cir. 1996), and is

---

[3] Plaintiff also describes in detail the evidence she believes supports a finding that she has moderate limitations in concentration, persistence, and pace, including evidence of her mother's third party report, her mother's assistance in Plaintiff's activities of daily living, and the treatment records and opinions of various medical providers and consultative examiners. However, as the ALJ found that Plaintiff has moderate limitations in concentration, persistence, and pace, the Court need not address this evidence other than to hold that the evidence is adequately reflected and accounted for in the ALJ's RFC finding.

7

instead consistent with the RFC findings that the Eighth Circuit has held adequately account for moderate limitations in concentration, persistence, or pace. *See, e.g.*, *Rhinehart v. Saul*, 776 F. App'x 915, 916 (8th Cir. 2019) (holding that a limitation to "simple, routine, [and] repetitive tasks" that "require minimal training" adequately accounted for moderate limitation in concentration, persistence, or pace); *Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018) (holding that moderate difficulties in concentration, persistence, or pace are consistent with being able to understand, remember, and carry out simple instructions while performing non-detailed tasks); *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) (holding that a limitation to "simple, repetitive, routine tasks" adequately captured the plaintiff's moderate deficiencies in concentration, persistence, or pace); *Brachtel v. Apfel*, 132 F.3d 417, 421 (8th Cir. 1997) (holding that even a limitation including "scantily more" than that in *Newton*, such as work "which does not require close attention to detail" and excluding "work[ing] at more than a regular pace," sufficiently described deficiencies of concentration, persistence, or pace). In short, the ALJ adequately addressed Plaintiff's mental limitations in the RFC, and substantial evidence supports the ALJ's conclusion that Plaintiff is not disabled.

**Dr. Gelberman's Records**

Consideration of Dr. Gelberman's post-hearing records does not change the Court's conclusion that the ALJ's decision is supported by substantial evidence on the record as a whole. *See McDade v. Astrue*, 720 F.3d 994, 1000 (8th Cir. 2013) ("When

the Appeals Council denies review of an ALJ's decision after reviewing new evidence, we do not evaluate the Appeals Council's decision to deny review, but rather we determine whether the record as a whole, including the new evidence, supports the ALJ's determination.").

The ALJ found that Plaintiff's bilateral carpal tunnel syndrome was a severe impairment and incorporated limitations on climbing, fingering, and handling in her RFC finding—limiting her to completing these actions "frequently," as opposed to "constantly"[4]—for the express reason of accounting for this impairment. Tr. 24. The mere fact that Plaintiff underwent a carpal tunnel release does not disturb the ALJ's decision. Indeed, Plaintiff indicated shortly before the procedure that her carpal tunnel symptoms had only recently worsened "over the past several months," and according to Dr. Gelberman, the surgery largely resolved these symptoms within days. As the Defendant correctly notes, to establish disability, Plaintiff must demonstrate an inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). Plaintiff's evidence of a short-lived exacerbation of her carpal tunnel syndrome that was successfully resolved with surgery neither undermines the ALJ's RFC finding regarding

---

[4]    The DOT generally defines "frequently" as one-third to two-thirds of the time, while "constantly" refers to two-thirds or more of the time. *See, e.g.*, 311.677-010 Cafeteria Attendant, DICOT 311.677-010, 1991 WL 672694 (Jan. 1, 2016).

9

her physical limitations nor renders the ALJ's decision erroneous.   Rather, even considering the additional evidence from Dr. Gelberman, the ALJ's decision remains supported by substantial evidence in the record as a whole.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.   A separate Judgment shall accompany this Memorandum and Order.

                                                                         _____
                                                                         AUDREY G. FLEISSIG
                                                                         UNITED STATES DISTRICT JUDGE

Dated on this 2nd day of August, 2021.